876

SCHWARZ v. COE, Commissioner of
Patents.
No. 66223.

District Court of the United States for the
District of Columbia.
Feb. 12, 1940.

Robert I. Dennison, of Washington, D. C. (John F. Brezina, of Chicago, Ill., of counsel), for plaintiff.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for defendant.

District Court of the United States for the
District of Columbia.
Feb. 14, 1940.

Robert I. Dennison, of Washington, D. C. (John F. Brezina, of Chicago, Ill., of counsel), for plaintiff.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for defendant.

LUHRING, Justice.

This is a proceeding under R.S. § 4915, Tit. 35, § 63, U.S.C.A., wherein the plaintiff seeks to compel the Commissioner of Patents to issue a patent.

The plaintiff, at the hearing, dismissed claims numbered 15, 19, 22 and 27. This leaves in issue and for consideration claims numbered 17, 18, 21, 24, 25, 29, 30, 35, 37 and 38.

The application is for the reissue of Letters Patent, number 1,951,447, for Improvement in Process of and Apparatus for Refrigeration. Twenty claims were allowed by the Patent Office.

Claims 18, 21, 24, 25 and 37 were held unpatentable by the Patent Office tribunals, on the ground of estoppel. Claims 17, 29, 30 and 35 were rejected as unpatentable in view of the prior art as disclosed by the patent to Carney et al., number 1,808,494, and dated June 2, 1931. Claim 35 was also held unpatentable as a mere aggregation and not an inventive combination. Claim 38 was held to read directly on the Pictet patent, number 830,613, dated September 11, 1906.

In his original application, the plaintiff cancelled and abandoned claims therein numbered 24, 25, 26 and 28. The court finds that these claims are substantially the same as the claims here in issue, numbered 18, 21, 24, 25 and 37.

The applicant explains that he never intended to cancel these claims of the original application and that the cancellation was due to the fraudulent conduct of his attorney. He brought the matter to the attention of the Patent Office and Mr. L.

P. Harvey, Examiner of Division 44, had this to say in part:

"Applicant, by his petition, in effect, asks that the rejection on the ground of estoppel in the reissue application be set aside for the reason that applicant never intended to cancel the referred to cancelled subject matter in his original application, that such cancellation was 'a fraud upon petitioner and without petitioner's authority and against petitioner's expressed instructions.'

"Before the original application was passed to issue, during an interview with the Examiner, at which both the applicant and his attorney George Heidman were present, the referred to cancelled claims of the original application were considered. At that time the Examiner stated that he believed that the subject matter of the cancelled claims were unpatentable, and that if applicant insisted upon this subject matter he would have to appeal to the Board of Appeals. At that time Mr. Heidman, in the presence of applicant, made a statement to the effect that in view of the great expense of making such an appeal, the referred to subject matter would be cancelled and the claims already allowed be taken out in the form of a patent. To this statement of his attorney the applicant expressly agreed. Forthwith the referred to claims were cancelled and the original application was passed to issue. * * *

"After a careful consideration of the records and facts the Examiner finds no irregularities in the prosecution by G. Heidman of the original and reissue application."

It is noted that the plaintiff in the concluding paragraph of his affidavit, dated February 19, 1935, which was filed in support of his application for the reissue of his patent, swears "that such errors * * arose through the failure of deponent's attorneys to fully comprehend the invention and deponent's inability to thoroughly understand the English language and to fully understand the scope of the claims heretofore secured."

The court finds that claims 17, 29, 30 and 35 are unpatentable in view of Carney et al., number 1,808,494. These claims set forth no more than the fact that there are two refrigerating systems, one of which has an evaporator which acts as a condenser for the other, an old

type of plural stage, or split stage system, as shown by Carney.

Claim 35 is a mere aggregation and unpatentable also for that reason. This claim recites that the system of conduits and valves may be so arranged that any two of the units may constitute an independent system. If two of the units constitute an independent system as claimed, they do not cooperate to form a patentable combination.

Claim 38 reads directly on the Pictet patent, number 830,613.

In Pictet's device, the casing 2 corresponds to applicant's "housing". Pictet's coils 4 and 5 correspond to applicant's "two separate elements arranged in the housing." Pictet's separate compressors 17 and 18 and their respective pipe connections between his coils 4 and 5 correspond to applicant's "separate means for introducing different refrigerants to be condensed or vaporized in said separate elements" and "separate means for withdrawing said different refrigerants". Though Pictet's coil 4 does not condense air, it is to be noted that the air that passes through coil 4 is later "to be" condensed in another portion of his apparatus. Pictet's elements 19, 21, 22, 23, and 24, are obviously "means for leading a fluid medium to be heated over both said separate elements". Clearly, all the structure recited in this claim is found in Pictet's disclosure and even if Pictet never condensed the air that passes through his coil 4, this would still be so.

It follows that the bill of complaint must be dismissed.

Counsel will prepare and submit formal findings of fact and conclusions of law accordingly, together with decree dismissing the bill of complaint.